USAO 2013RR00340

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | Criminal No. GLR-13cr 0240 |
| v. | * | |
| | * | (Health Care Fraud, 18 U.S.C. § 1347; |
| DAVID RUSSO | * | Aiding and Abetting, 18 U.S.C. § 2) |
| | * | |
| Defendant | * | |
| ****** | | |

FILED _____ ENTERED
LODGED _____ RECEIVED

MAY 13 2013

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## INFORMATION

The United States Attorney for the District of Maryland charges that:

At all times material to this Information,

1. **DAVID RUSSO** was a licensed pharmacist in the State of Maryland. **RUSSO** owned and operated a pharmacy under the corporate name Western Maryland Pharmaceutical Service, Inc., doing business as "Russo's Rx", located at 25 North Cannon Avenue, Hagerstown, Maryland. As a licensed pharmacist, **DAVID RUSSO** was authorized by law to fill prescriptions for controlled substances only if issued in accordance with the governing laws and regulations.

2. Medicare and Medicaid are health care benefit programs under 18 U.S.C. § 24(b). Neither Medicare nor Medicaid would pay for claims submitted by pharmacists for controlled substances pursuant to prescriptions written by doctors that the pharmacists knew were not issued for a legitimate medical purpose.

3. A prescription for a controlled substance must be issued for a legitimate medical purpose by an individual medical practitioner acting in the usual course of his or her professional practice. Medical practitioners are responsible for properly prescribing controlled substances, but the pharmacist who fills the prescription bears a corresponding responsibility to properly dispense controlled substances pursuant to a valid prescription. A controlled substance prescription issued

outside the usual course of professional treatment and that is not for a legitimate medical purpose is not a prescription within the meaning and intent of the law that otherwise permits the issuance and filling of prescriptions. Licensed pharmacists know that it is improper to issue or fill a controlled substance prescription that is issued outside the usual course of medical treatment.

## The Scheme to Defraud

4. Beginning in or about January 2009 and continuing through in or about December 2010, in the State and District of Maryland and elsewhere,

**DAVID RUSSO,**

the defendant herein, knowingly and willfully devised and intended to devise a scheme and artifice to defraud Medicare and Medicaid, and to obtain from Medicare and Medicaid money and property by means of material false and fraudulent pretenses, representations, and promises, well knowing that the pretenses, representations, and promises would be and were false when made, as set forth more fully below.

5. It was part of the scheme and artifice to defraud that **DAVID RUSSO** dispensed, and caused others at Russo's Rx to dispense, controlled substances pursuant to prescriptions that he knew were not written for a legitimate medical purpose.

6. It was part of the scheme and artifice to defraud that **DAVID RUSSO** knew that he was dispensing excessive amounts of Schedule II drugs, primarily Oxycodone and Methadone, to customers who did not have a legitimate medical purpose for the drugs.

7. It was further part of the scheme and artifice to defraud that **DAVID RUSSO** caused Medicare and Medicaid to improperly pay for controlled substances that he dispensed pursuant to prescriptions he knew had no legitimate medical purpose.

8. It was part of the scheme and artifice to defraud that **DAVID RUSSO** illegally profited from the scheme to fraudulently bill Medicare and Medicaid for Schedule II drugs dispensed to customers who did not have a legitimate medical purpose for the drugs.

9. From sometime in or about January 2009 until in or about December 2010, in the State and District of Maryland, and elsewhere, the defendant,

**DAVID RUSSO,**

knowingly and willfully executed, and attempted to execute, a scheme and artifice to defraud any health care benefit program, to wit, Medicare and Medicaid, and to obtain, by means of false and fraudulent pretenses, representations, and promises, any of the money and property owned by, or under the custody and control of any health care benefit program; to wit, he submitted claims for controlled substances for which he knew there was no legitimate medical purpose.

18 U.S.C. § 1347
18 U.S.C. § 2

_____
Rod J. Rosenstein
United States Attorney

Date: May 13, 2013